UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JACOB KORNGOLD,<br><br>                            Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>                            Defendant. | Case No.: 18cv2078-W-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT**<br>**[ECF NOS 16, 19]** |

      Plaintiff Phillip Korngold ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"). (ECF No. 1).

      For the reasons expressed herein, the Court recommends the case be

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019 and is therefore substituted for Nancy A. Berryhill as the Defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d),

1

18cv2078-W-MDD

REMANDED to the ALJ for further analysis on the issue of whether Plaintiff's treating physician's opinions were properly discounted regarding Plaintiff's alleged impairments.

## I. BACKGROUND

On September 8, 2014, Plaintiff filed an application for a period of disability insurance benefits under Title II of the Social Security Act, alleging a disability beginning May 4, 2013. (AR 16). After his application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before and administrative law judge ("ALJ"). (*Id.*). An administrative hearing was held on December 15, 2016. Plaintiff appeared and elected to proceed without counsel, after being advised of his right to representation. (*Id.*). Also appearing and testifying were Dr. Joseph Gaeta, M.D., a medical expert (ME) and Gloria Lasoff a vocational expert (VE). (*Id.*). On March 1, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits. (AR 16-28).

## II. DISCUSSION

### A. Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039

(9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id*

### B. Summary of the ALJ's Findings

In rendering his decision, the ALJ followed the Commissioner's five step sequential evaluation process. See CFR § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 4, 2013, the alleged onset date. (AR 18)[2].

At step two, the ALJ found that Plaintiff had the following severe impairments: Conn's Disease, resulting in hypertension and congestive heart failure; and coronary disease. (*Id.*). However, the ALJ found, based on the record, Plaintiff "had no severe medically determinable" impairment from

---

[2] "AR" refers to the Certified Administrative Record filed on November 19, 2018. (ECF No. 8).

May 4, 2013 to May 3, 2014. Accordingly, the ALJ denied Plaintiff's application for that timeframe at step two. (*Id.*). But the ALJ did find the record indicates the [Plaintiff] received treatment for the above severe impairments beginning May 4, 2014, for a period of more than 12 consecutive months. Thus, the ALJ continued his sequential analysis. (AR 19).

According to the ALJ "the medical and other evidence that the [Plaintiff's] medically determinable impairments of dizziness, muscle spasm, glaucoma, foot and ankle edema, allergies, kidney disease, and a fractured femur and tibia cause only a slight abnormality that would have no more than minimal effect on his ability to work and are, therefore, nonsevere." (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 20). (citing 20 CFR Par 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work s defined in 20CFR 404.1567(b). (AR 21). The Plaintiff would be limited to lifting or carrying no more than 20 pounds occasionally and 10 pounds frequently; standing or walking for six hours each in an eight-hour workday; and sitting for six hours in an eight-hour workday. The [Plaintiff] is never able to climb ladders, ropes or scaffolds…must avoid concentrated exposure to temperature extremes, so typical office environment would be an example of an acceptable environment." (*Id.*). The ALJ also noted that Plaintiff must avoid all exposure to unprotected heights. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation

4

process. He found Plaintiff was capable of performing past relevant work as a financial manager, DOT 160.162-018. (AR 26). For the purpose of his step five determination, the ALJ accepted the testimony of VE Gloria Lasoff. The VE determined that a person with the same age, education, work experience and RFC as the Plaintiff, "would be able to perform this past relevant work as actually performed by the Plaintiff and as generally performed in the regional and national economy." (*Id.*).

### C. Issues in Dispute

Plaintiff has raised two issues as grounds for reversal and remand; 1) whether the ALJ properly categorized Plaintiff's past relevant work; and 2) whether the ALJ improperly discounted Plaintiff's treating physician's opinion.

### 1. Whether the ALJ improperly discounted Plaintiff's treating physician's opinion

Plaintiff contends that the ALJ improperly disregarded the opinions of Dr Pamela Lam, D.O. who was his treating physician during the relevant time period. (ECF No. 16 at 8). Specifically, Plaintiff contends that the ALJ assignment of "little weight" to Dr. Lam's opinion was not supported with specific reasons related to the record medical evidence. (ECF 16 at 9). Plaintiff argues that "[t]he ALJ must explain the weight given to the medical opinion evidence, giving specific and legitimate reasons for rejecting discarded opinion evidence." (*Id.*). citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Circuit 1995).

Defendant responds by acknowledging that the "ALJ must give good reasons for the weight that he gives to a treating source opinion and explain the weight that he gives to all medical source opinions." (ECF 19-1 at 8). Citing 20 C.F.R. § 404.1527(c)(2) (treating sources), (e)(2)(ii) (all sources).

5

Defendant goes on to argues that "here, the ALJ gave good reasons for the weight he gave to each opinion in this record." (ECF 19-1 at 9).

The Ninth Circuit Court of Appeals stated in *Orn v. Astrue*, 495 F.3d 625, 632 (2007):

> The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant. *Lester* [*v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (as amended).] Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. *Id.* (internal quotation marks omitted). Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* at 830, quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983). This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes* [*v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989).] The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. *Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir.1988).

In this case, the ALJ stated that he assigned "little weight" to the opinions of treating physician Dr. Lam, D.O. The ALJ cited to a short letter signed jointly Dr. Lam and Dr. Renee Smilde. (AR 398). The letter assessed Plaintiff with "'multiple complex and serious medical issues starting more than a year ago which have required hospitalization and multiple clinic visits for work-up and management.'" (AR 26). The ALJ further stated "[t]hey opined that the [Plaintiff's] general functional status is much impaired, and he continues to be unable to maintain any occupation at this time…." (*Id.*). After this brief summary the ALJ concluded his analysis by stating "these opinions are not consistent with the objective medical evidence in the record

as a whole, because they are brief, vague, and provide inadequate justification for their conclusion, making no reference to any of the objective medical findings in his treatment records to support their assessment." (*Id.*).

As noted by Plaintiff, Dr. Lam "acted as [Plaintiff's] treating physician during the relevant period in time." (ECF 16 at 8). Plaintiff cites twelve treatment records signed by Dr. Lam. Notably, a review of the record evidence shows additional treatment records from Dr. Lam. (AR 506, 507-518, 537-538, 540, 688-687, 703). In his opinion, the ALJ acknowledged and referenced to only the letter written by Dr. Lam on April 29, 2015, and none of her treatment records for Plaintiff spanning almost two years – November 2014 through October 2016. (AR 398). This is a relevant time frame in support of Plaintiff's period of alleged disability. Accordingly, the ALJ's stated reason for assigning little weight to Dr. Lam's overall opinions is insufficient and is not a "specific, legitimate reason" that is supported by "substantial evidence." *Orn v. Astrue*, 495 F.3d at 634.

## 2. The ALJ erred in defining Plaintiff's past relevant work at step five

As a result of the Court's inability to affirm the ALJ's reasons for rejecting the treating physician's opinions, it is unnecessary to reach the other disputed issue raised by Plaintiff. Because of the Court is unable to affirm the ALJ's rejection of the treating physician's opinions, the Court is also unable to affirm the ALJ's RFC determination. Since the Court cannot affirm the RFC it follows that it is futile for the Court to consider the other claim of error raised by Plaintiff (i.e. whether the ALJ erred at step five of the sequential evaluation process).

## 3. Remand for Further Administrative Proceedings

"[A] court has discretion to remand for further proceedings when an ALJ

7

has committed legal error in denying benefits." *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). The record does not support the ALJ's decision to accord little weight to the opinions of Plaintiff's treating physician absent providing specific and legitimate reasons supported by substantial evidence. *See Thomas v. Barnhart*, 278 F. 3d 947, 957 (9th Cir. 2002).

When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16 (2002) (citations and quotation marks omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir. 2004). On remand, the ALJ must evaluate the opinion of Plaintiff's treating physician in accordance with the applicable law. Accordingly, the Court recommends the case be remanded for further administrative action consistent with the findings presented herein.[3]

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the case be **REMANDED** for further proceedings. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **,** **September 12, 2019**. The document should be captioned "Objections to

---

[3] To the extent it may be relevant on remand, the Court notes that a discrepancy exists in the documents of the record that shows a conflict in Plaintiff's date of birth.

Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 19, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge